Wiles v. City of New York et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of March, two thousand eighteen.

Present:      ROSEMARY S. POOLER
              RICHARD C. WESLEY,
              PETER W. HALL,
                        *Circuit Judges*.

_____

JOSHUA WILES

                        *Plaintiff-Appellant*,

              v.                                              16-3940

CITY OF NEW YORK, A MUNICIPAL
ENTITY, BRIAN PASTULA, NEW YORK CITY
POLICE OFFICER, SERGEANT JOHN SLAYNE,
NEW YORK POLICE DEPARTMENT, LIEUTENANT
ZIELINSKI, NEW YORK POLICE DEPARTMENT,
POLICE OFFICER JOHN MCNAMARA

                        *Defendants-Appellees*.[1]

_____

Appearing for Appellant:      David A. Thompson, Stecklow & Thompson (Jon Avins, *on the brief*), New York, N.Y.

---

[1] The Clerk of Court is directed to amend the caption as above.

Appearing for Appellee: Jonathan A. Popolow (Pamela Seider Dolgow, *on the brief*) *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Joshua Wiles appeals from an October 27, 2016 judgment of the United States District Court for the Southern District of New York (Griesa, *J.*) granting summary judgment to Defendants on all claims. *Wiles v. City of New York*, 2016 WL 6238609 (S.D.N.Y. Oct. 25, 2016). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review grants of summary judgment de novo, drawing all inferences in favor of the non-moving party where no material facts are genuinely disputed. *See Amore v. Novarro*, 624 F.3d 522, 529 (2d Cir. 2010).

A police officer is entitled to qualified immunity for false arrest at the summary judgment stage "if the court determines that the only conclusion a rational jury could reach is that reasonable officers would disagree about the legality of the defendants' conduct under the circumstances." *Lennon v. Miller*, 66 F.3d 416, 421 (2d Cir. 1995). In other words, "[a]n officer is entitled to qualified immunity against a suit for false arrest if he can establish that he had arguable probable cause to arrest the plaintiff." *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015) (citation and internal quotation marks omitted). "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Id.* (citation and internal quotation marks removed). It "protects all but the plainly incompetent or those who knowingly violate the law." *Dancy v. McGinley*, 843 F.3d 93, 106 (2d Cir. 2016) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). It also renders an officer immune from First Amendment retaliation claims. *See Mangino v. Inc. Village of Patchogue*, 808 F.3d 951, 956 (2d Cir. 2015) ("The existence of probable cause will defeat…a First Amendment claim that is premised on the allegation that defendants prosecuted a plaintiff out of a retaliatory motive…." (citation and internal quotation marks omitted)).

We agree with the district court that Officer Pastula is entitled to qualified immunity in this case. Video evidence indicates that Wiles was part of a group of protestors packed so tightly onto the sidewalk that bystanders attempting to pass through could hardly do so. Officer Pastula ordered this group to back away from the intersection. After taking a few steps back, Wiles stopped in the middle of the sidewalk and began to chant in protest of the order. Officer Pastula arrested him for disorderly conduct in violation of New York Penal Law § 240.20(6). We do not think a reasonable juror could find that Officer Pastula lacked arguable probable cause to do so. *See Garcia*, 779 F.3d at 92.

We have considered the remainder of Wiles's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.  Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk